# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : NO. 3:06-CR-384 |
| | : |
| LOUIS PAGNOTTI, III, | : JUDGE VANASKIE |
| | : |
| Defendant. | : ELECTRONICALLY FILED |

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT PURSUANT TO FED. R. CRIM. P. 12(b)(3)(B)

---

## INTRODUCTION

The Indictment fails to articulate a sufficient basis upon which to support a conviction for perjury under 18 U.S.C. § 1623. Specifically, the Indictment fails to establish with sufficient specificity the essential facts constituting the offense charged and fails to satisfy the minimum constitutional requirements.

### I.    FACTS

On December 3, 2003, Louis Pagnotti, III ("Mr. Pagnotti") was compelled to testify before a Grand Jury under an Order granting him statutory

immunity pursuant to 18 U.S.C. § 6002.  Based on his compelled testimony and alleged falsehoods contained therein, Mr. Pagnotti was indicted on November 14, 2006 (Doc. 1) and charged with perjury.

For purposes of the Indictment, the Government excerpted multiple pages of Mr. Pagnotti's immunized Grand Jury testimony and generally asserts that "[t]he aforesaid testimony of the defendant . . . was false in that (a) the characterization of the payments from the defendant . . . to unindicted co-conspirator Frank Pavlico III as a 'loan' and as 'consulting fees' was a sham, intended . . . . to disguise and conceal the laundering of the proceeds of an unlawful activity, that is, illicit drug trafficking; (b) the money paid to unindicted co-conspirator Frank Pavlico by the defendant . . . was neither a 'loan' nor 'consulting fee' nor 'commissions;' and (c) the 'consulting fees,' 'commissions' and 'loan' paid by the defendant . . .to unindicted co-conspirator . . .were in fact the proceeds of an unlawful activity, that is, money derived from illicit drug trafficking on the part of unindicted co-conspirator . . . ." Indictment (Doc. 1) ¶ 6.

The Government fails to establish one question to which one answer by Mr. Pagnotti was allegedly materially false, and the Indictment must, therefore, be dismissed.

## II.  AUTHORITY

### A.    Constitutional

The Sixth Amendment to the United States Constitution provides as

follows:

> In all criminal prosecutions, the accused shall enjoy the
> right to a speedy and public trial, by an impartial jury of
> the State and district wherein the crime shall have been
> committed; which district shall have been previously
> ascertained by law, and to <u>be informed of the nature and
> cause of the accusation</u>; to be confronted with the
> witnesses against him; to have compulsory process for
> obtaining witnesses in his favor, and to have the
> assistance of counsel for his defence.

U.S. Const.  amend. VI (emphasis added).

### B.    Statutory

Federal Rule of Criminal Procedure 7(c)(1)  reads, in part, as follows:

> The indictment or information must be a plain, concise
> and definite written statement of the essential facts

constituting the offense charged and must be signed by
the attorney for the government.

Fed. R. Crim. P. 7(c)(1).

### C. Common Law

Precise questioning is imperative as a predicate for the offense of
perjury. Bronston v. United States, 409 U.S. 352, 362, 93 S.Ct. 595, 602 (1973).
"Accepting arguendo the government's claim that the disputed question was
intended as an 'unspecific question,' we nonetheless see the lack of specificity as a
form of imprecision whose 'consequences . . . must be laid at the table of the
questioner, not the questioned.'" United States v. Serafini, 167 F.3d 812, 824 (3d
Cir. 1999). "It is well-established that to sustain a perjury charge, a prosecutor
must present careful questioning in order to demonstrate that the defendant was
aware of the meaning of the question and the falsity of the answer." United States
v. Serafini, 7 F. Supp.2d 529, 538 (M.D. Pa. 1998). "Further, an indictment must
set forth the particular falsehood with clarity along with the government's factual
basis for asserting that it is false, such that a jury can determine the falsity of the
statement." Id.

### III.  APPLICATION OF AUTHORITY TO THE FACTS

_____ The Government fails to specifically identify even *one* question by the prosecutor to which a materially false answer was given.  It is the job of the prosecution to identify the "particular falsehood" in the indictment.  "Further, an indictment must set forth the particular falsehood with clarity <u>along</u> <u>with</u> the government's factual basis for asserting that it is false, such that a jury can determine the falsity of the statement."  <u>Serafini</u>, 7 F. Supp.2d at 538, citing <u>United States v. Tonelli</u>, 577 F.2d 194, 200 (3d Cir. 1978) (emphasis added).  In the case at bar, the Government asks this Court to permit precisely what the Supreme Court counseled against: Permitting a jury to engage in conjecture.  <u>Bronston</u>, 409 U.S. at 359, 93 S.Ct. at 600.

The Government attempts to mask its failure to ask "the critical question" with a broad allegation of perjury somewhere in a five-page transcript.  <u>United States v. Slawik</u>, 548 F.2d 75, 84 (3d Cir. 1977)("if the prosecutor never asks the critical question and never presses for an unequivocal answer the defendant may not be convicted for false swearing").  This Court has recognized that "if a question is excessively vague" or fundamentally ambiguous, then the answer to such a question may not, as a matter of law, form the basis of a perjury

5

or false statement prosecution.  <u>Serafini</u>, 7 F. Supp.2d at 538.

Where the Government brings forth an indictment which fails to assert which question elicited a materially false response, on its face the indictment is constitutionally insufficient.  <u>Bronston</u>, 409 U.S. at 362, 93 S.Ct. at 602; U.S. Const. amend. VI.

Examining the questions posed by the prosecutor to the witness over the five pages of testimony placed in the Indictment, it appears to be a line of questioning "so vague as to be 'fundamentally ambiguous.'"  <u>United States v. Lighte</u>, 782 F.2d 367, 375 (2d Cir. 1986).  To avoid fundamental vagueness, the Government has a duty to identify the specific questions and the specific answers it asserts were in violation of 18 U.S.C. § 1623.  Further, the prosecution must articulate the way in which the statement responses were false.  Failure to do so requires the Court to dismiss the charge.  The prosecution failed to properly plead the allegation of perjury, and the Indictment must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Mr. Pagnotti respectfully requests this Court to enter an order dismissing the Indictment with prejudice.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Daniel T. Brier

Attorneys for Defendant,
Louis Pagnotti, III

MYERS, BRIER & KELLY, L.L.P.
425 Spruce St., Suite 200
Scranton, PA 18503
(570) 342-6100

Date:  January 5, 2006

## CERTIFICATE OF SERVICE

I, PATRICK A. CASEY, hereby certify that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss the Indictment was served upon the following counsel of record by electronic mail on this 5th day of January, 2007:

Gordon A.D. Zubrod, Esquire
U.S. Attorney's Office
228 Walnut Street
Harrisburg, PA  17108-1754


/s/ Patrick A. Casey