# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : NO. 3:06-CR-384 |
| | : |
| LOUIS PAGNOTTI, III, | : JUDGE VANASKIE |
| | : |
| Defendant. | : ELECTRONICALLY FILED |

## PAGNOTTI'S REPLY BRIEF TO THE GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE PERJURY INDICTMENT PURSUANT TO FED. R. CRIM. P. 12(b)(3)(B)

Defendant Louis Pagnotti seeks to know what statement of his in the eyes of the United States constitutes a lie. If so informed he can defend himself.

Therefore, the United States should simply specifically identify the precise question and answer it claims is an untruth by the Defendant.

There are serious issues of unconstitutional vagueness which the prosecution unnecessarily incorporates into the instant Indictment.

For example, there are 37 instances where the prosecutor's words are

preceded with the letter "Q" which indicates a question in the transcript.

Does the United States contend that each one constitutes a separate question and answer to which Pagnotti must prepare a defense?  If the answer is "yes," then the Indictment clearly suffers from an issue of duplicity (two or more distinct offenses in a single count).  United States v. Nattier, 127 F.3d 655, 658 (8th Cir. 1997).

Apparently the prosecution doesn't really intend all of these questions and answers to be the basis of the prosecution.  "These answers are not technically false, and the United States does not claim they are false; the perjury indictment includes them because they refer to the statements that contain characterizations of these payments as a 'loan' and 'consulting fees,' identified in the perjury indictment as the false statements."  (Govt.'s Brief in Opp'n. at 16.)

Therein lies the issue, the charging document which is suppose to inform the defendant of the conduct which constitutes the criminal act never specifies the alleged false answer.  In a prosecution for perjury it is incumbent upon the prosecution for double jeopardy and due process reasons to make plain the exact false statement that the defendant allegedly made.  United States v. Santos-

Riviera, 183 F.3d 367, 369 (5th Cir. 1999) (indictment must be sufficient to provide the defendant with a double jeopardy defense against future prosecutions).

The prosecution excuses its failure to identify the precise question and answer by claiming it wants to "show context for the overall discussion of the payments from Pagnotti and to show that the prosecutor went to lengths to make sure he and Pagnotti had a mutual understanding." (Govt.'s Brief in Opp'n. at 15-16.) Such a representation would carry more credibility if the Government had not removed portions of the transcript thereby altering the context. Specifically, the United States deleted Pagnotti's full response to a question posed as one can see by examining Pagnotti's Grand Jury testimony of December 3, 2003, page 17, line 25 through page 18, lines 1-7 compared to the instant Indictment at page 12. Nonetheless, the Government's purported interest in giving the full "context" does not supplant the minimum obligation to inform the Defendant what statements he is defending.

Although the Indictment itself does not specify the question and response of the defendant that the prosecution asserts is the criminal conduct, the prosecution in its brief references sections of the transcript. (Govt.'s Brief in Opp'n. at 13.) The prosecution asserts that "[t]hese questions produced

3

unequivocal answers," but the prosecution does not give the "unequivocal" answers.

The Government's own example displays an issue of vagueness: "That was for services, consulting services performed from the 1st to August 31st of 2000." (Govt.'s Brief in Opp'n. at 14.) On its face, that is a statement–not a question. If one were to assume it to be a question, the transcript of the colloquy raises the following questions: (1) is the witness confirming that he received an invoice for services from Pavlico?; or (2) is the witness admitting that Pavlico provided consulting services to Pagnotti? (Pagnotti G.J. Tr. dated 12/3/03 at 8-9.) The logical interpretation of the witness's response is that the prosecutor is confirming that the document (an invoice) shows that Pavlico submitted an invoice to Pagnotti. Yet in the Government's brief, the prosecution appears to twist this into a representation by the witness of having falsely testified to receiving consulting benefits for the purpose of concealing the origins of the money. The Government's interpretation is contradicted by the line of questioning on the previous page which starts off clearly referring to documents: "This is an invoice submitted to you by Pavlico Enterprises and Frank Pavlico III..." (Pagnotti G.J. Tr. dated 12/3/03 at 8.)

The Government's run-on sentence in paragraph 6 of the Indictment may be appropriate for asserting a general money laundering charge; however, it falls far short of the specificity needed for a perjury indictment. The prosecution wants to generally throw up mud on the wall to see what sticks instead of doing what the Constitution requires in the Sixth Amendment which is inform the defendant "of the nature and cause of the accusation."

Unless and until the Government properly pleads the charging document, the Defendant is unable to competently defend himself. Waiting until the Government's opening argument to find out what are the alleged perjurious statements would be fatally prejudicial to the Defendant.

    Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey, Esquire
Daniel T. Brier, Esquire

Attorneys for Defendant,
Louis Pagnotti, III

MYERS, BRIER & KELLY, L.L.P.
Suite 200, 425 Spruce Street
Scranton, PA 18503
(570) 342-6100

Date: February 5, 2007

# **CERTIFICATE OF SERVICE**

I, PATRICK A. CASEY, ESQUIRE, hereby certify that a true and correct copy of the foregoing Reply Brief to the Government's Brief in Opposition to Defendant's Motion to Dismiss the Perjury Indictment was served upon the following counsel of record by electronic mail on this 5th day of February, 2007:

>Gordon A. Zubrod, Esquire
>U.S. Attorney's Office
>228 Walnut Street
>Harrisburg, PA   17108-1754

                        /s/ Patrick A. Casey